Kim Schumann, Esq., State Bar #170942
kschumann@srrlawfirm.com
Peter Cook, Esq. State Bar #232742
pcook@srrlawfirm.com
Eric Arevalo, Esq., State Bar #255725
earevalo@srrlawfirm.com
**SCHUMANN, RALLO & ROSENBERG, LLP**
3100 Bristol Street, Suite 400
Costa Mesa, CA 92626
Telephone (714) 850-0210
Facsimile  (714) 850-0551
Attorneys for Defendant,
DANIELLE STAUB

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MAHER; MARIBEL MAHER, | Case No. CV-09-8646-CAS (JCx) |
| Plaintiffs, | Hon. Christina A. Snyder |
| v. | **DEFENDANT DANIELLE STAUB'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE FOR SUMMARY ADJUDICATION (FRCP 56)** |
| DANIELLE STAUB; and DOES 1 through 20, inclusive, | |
| Defendants. | |
| | Date:       September 27, 2010 |
| | Time:       10:00 AM |
| | Courtroom:  5 |
| | Date Action Filed: October 8, 2009 |
| | Trial Date:        February 16, 2011 |

**COMES NOW**, Defendant, DANIELLE STAUB [hereinafter referred to "Defendant" or "STAUB"], and hereby submits this Reply to Plaintiff, KEVIN MAHER's Opposition to Motion for Summary Judgment, or in the Alternative for Summary Adjudication, pursuant to Federal Rules of Civil Procedures, Rule 56, against, as to Plaintiff's single cause of action for defamation on the following issue:

**ISSUE NO. 1: PLAINTIFF'S CAUSE OF ACTION FOR DEFAMATION FAILS.** Plaintiff's sole cause of action for defamation fails because Plaintiff cannot establish that the Defendant made the alleged statements,

-i-

**DEFENDANT STAUB'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

or that Defendant was harmed as a result of the alleged statements, and, further, Plaintiff has consented to the publication of the alleged statements.

DATED: September 13, 2010  **SCHUMANN, RALLO & ROSENBERG, LLP**

By:    /S/ Peter Cook
Kim Schumann, Esq.
Peter Cook, Esq.
Eric Arevalo, Esq.
Attorneys for Defendant,
DANIELLE STAUB

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff, KEVIN MAHER, attempts to deflect the allegations in the Defendant, DANIELLE STAUB'S Motion for Summary Judgment, or in the Alternative, for Summary Adjudication by bringing up an irrelevant issue: that the Defendant has never asserted that any of the three alleged defamatory statements are, in fact, true statements. In doing so, Plaintiff has failed to establish admissible evidence establishing his cause of action for Defamation, particularly that (1) the Defendant ever made the statements that Plaintiff has alleged, and (2) that Plaintiff has suffered any harm as to his reputation. The core of this Motion is not the defense of "truth" as to the cause of action for defamation, but rather Plaintiff's own ability to establish proof that support his story.

Ultimately, Plaintiff's only proof comes from a double-hearsay statement made by a person that has offered no testimony, and inadmissible evidence from a third-party witness that is not a witness to the Defendant ever making the alleged defamatory statements as pleaded in the Complaint. Further, Plaintiff attempts to argue that his own self-publication was compulsory, when in fact there was no need for him to spread the alleged defamatory remarks when he was not even sure as to what was going to be published. Finally, Plaintiff's violent, criminal activities against the Defendant and other women, and against numerous other people, have been glamorized and a source of profit for Plaintiff; as such, there is no defamation *per se*, and Plaintiff is unable to establish that his reputation has been harmed at all.

For these reasons, the Defendant's Motion for Summary Judgment, or in the alternative for Summary Adjudication, should be granted.

///
///
///
///

## II. LEGAL ARGUMENT

### A. PLAINTIFF'S ONLY EVIDENCE THAT THE DEFENDANT MADE THE ALLEGED DEFAMATORY STATEMENTS IS HIS OWN SELF-SERVING TESTIMONY OF A HEARSAY STATEMENT BY A PERSON THAT HAS NOT PROVIDED TESTIMONY

#### 1. *Mark Dagostino's Alleged Statements Are Double Hearsay, and Cannot Be Considered as Admissible Evidence*

Pursuant to Federal Rules of Evidence 802, hearsay statements are generally inadmissible. Federal Rules of Evidence 801 defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Plaintiff argues that the statement allegedly made by Mark Dagostino does not run afoul of the hearsay rule, alluding that the statement made by Mr. Dagostino is offered for a non-hearsay purpose.

The statement that Plaintiff attributes to Mr. Dagostino is that:

> In June of 2009, about a week prior the release of the June 22, 2009 *People* magazine, Plaintiff spoke with Mark Dagostino from *People* magazine. Mr. Dagostino told the Plaintiff that he interviewed the defendant for an upcoming article and during the interview to leveled [*sic*] serious allegations which include raping the defendant on a bed of broken glass; inserting a handgun into the defendant and playing Russian Roulette; and killing her dog by way of hanging. [Plaintiff's Separate Statement ["PSS"], No. 69.]

According to Plaintiff, for the statements from Mr. Dagostino to be considered hearsay, they would have to be used to prove that Plaintiff did, in fact, commit the acts described in the alleged defamatory statement. Plaintiff misses the point, as Mr. Dagostino's alleged statement is hearsay in that it is being used to assert the truth that the Defendant *actually made the defamatory remarks*.

Plaintiff's testimony is that Mark Dagostino told Plaintiff that the Defendant made three defamatory statements regarding Plaintiff, or, as Plaintiff describes it,

that she "leveled serious allegations" against Plaintiff. Plaintiff is using this testimony to assert the truth of the matter asserted, which is that the Defendant made the three defamatory statements.

The truth that Plaintiff is attempting to assert, that the Defendant made these allegations, runs afoul of Federal Rules of Evidence 801 and 802. This scenario is identical to the matter of Schindler v. Joseph C. Seiler & Synthes Spine Co., L.P., 474 F.3d 1008 (7th Cir. 2007), where the plaintiff's only proof that the defendant made defamatory remarks was that a third party told him that the defendant made the defamatory remarks. When the plaintiff was unable to produce a third party corroborating that the defendant made the defamatory remark, plaintiff's case lost on a summary judgment motion. The Schindler court stated that the third party's telling to plaintiff that the defendant made the defamatory remark was inadmissible hearsay, and granted the defendant's motion for summary judgment. Schindler described it as follows:

> Dr. Schindler, however, has failed to present testimony from any individual who personally heard Seiler make the defamatory statements. And Dr. Schindler's own testimony as to what Dr. White said to him is offered precisely to prove the ultimate fact in question and the truth of the matter asserted therein: Seiler said to Dr. White that Dr. Schindler was a "bad doctor" who had "paralyzed four patients."

Id. At 1011.

The Schindler case is identical to the case at hand. Plaintiff bases his entire lawsuit on statements he believes the Defendant made, statements a third party told him that the Defendant made. Plaintiff has testified that this entire lawsuit is based on statements that Mark Dagostino allegedly told him that the Defendant made. Plaintiff has failed to produce Mark Dagostino to testify that he heard Ms. Staub make the allegedly defamatory statements. As such, Plaintiff cannot rely on the hearsay statements from Mark Dagostino to establish his claim, and therefore is unable to establish that the Defendant has ever said any of the alleged defamatory statements.

   **2.   *If Caroline Manzo's Testimony Is Considered, It Is Irrelevant as Plaintiff's Lawsuit Is Specifically Based on What the Defendant Allegedly Said to Mark Dagostino and People Magazine***

Caroline Manzo's testimony was not actually submitted by Plaintiff in his opposition to this Motion. Plaintiff identifies an Exhibits "9" and "10" which purport to contain Ms. Manzo's testimony, but have not been submitted. Further, as noted in the concurrently filed Evidentiary Objections, Ms. Manzo's deposition was improperly noticed and taken by the Plaintiff, as she was deposed in New Jersey by a California certified court reporter located in the state of California, in clear violation of the mandate set forth in Federal Rules of Civil Procedure 28(a)(1)(A) and 30(b)(4). Therefore, her testimony should not be considered by this Court in support of Plaintiff's opposition.

Ultimately, however, statements made to Ms. Manzo in a context outside of the purview of Mark Dagostino and *People Magazine* is irrelevant. As Plaintiff has stated under oath, the only defamatory statements that he is suing for are as they were told to Mark Dagostino, and as they appear in *People Magazine*. Plaintiff's Complaint states as follows:

> In and about June of 2009, defendant revealed to People Magazine, a nationally circulated magazine, the following statements of untrue criminal acts attributable to Plaintiff, KEVIN MAHER ....[Plaintiff's Complaint, ¶ 6, attached to Defendant's Motion for Summary Judgment as Exhibit "A."]

Plaintiff's claims are clearly based on statements that the Defendant allegedly made to People Magazine. Statements that Defendant allegedly made to another person, such as Caroline Manzo, in a separate and unrelated setting, and outside of the purview of *People Magazine*, are wholly irrelevant.

In a case for Defamation, the alleged defamatory statements, including what was allegedly stated and who it was stated to, must be specifically pleaded. As


1  stated in Kahn v. Bower, 232 Cal. App. 3d 1599 (1991), "The general rule is that
2  the words constituting an alleged [defamatory statement] must be specifically
3  identified, if not pleaded verbatim, in the complaint." Id. at 1612, *citing* 5 WITKIN,
4  CAL. PROCEDURE (3d ed. 1985) Pleading, § 688, p. 140; des Granges v. Crall, 27
5  Cal.App. 313, 315 (1915); Lipman v. Brisbane Elementary Sch. Dist., 55 Cal.2d
6  224, 235 (1961); Okun v. Superior Court, 29 Cal.3d 442, 458 (1981). In this matter,
7  the specifically pleaded defamation are the precise three (3) statements identified in
8  Paragraph 6 of Plaintiff's Complaint, as they were stated to *People Magazine*.

9       Ms. Manzo's deposition testimony, if considered, never states that the
10 Defendant told her that she told *People Magazine* the three defamatory statements.
11 Ms. Manzo was not present when the Defendant allegedly made the statements to
12 *People Magazine*. Instead, this is a separate instance, involving somewhat different
13 allegations, that Plaintiff has not referenced in his Complaint. If Plaintiff sought to
14 sue the Defendant on alleged defamatory statements he made to Ms. Manzo, then he
15 should have pleaded such in his Complaint.

16      Plaintiff's own discovery responses indicate that the only witness to the
17 alleged defamatory statements is Mark Dagostino; and further, that the only
18 evidentiary support of the defamatory statements is the *People Magazine* article.

19      Plaintiff has established no admissible proof that the Defendant ever made
20 any of the alleged defamatory statements as he has complained of, thereby
21 invalidating his cause of action for Defamation. As such, this Motion for Summary
22 Judgment should be granted.

23     **C.**    **WHETHER OR NOT PLAINTIFF ACTUALLY COMMITTED**
24          **THE ACTS OF RAPE, SEXUAL ASSAULT AND ANIMAL**
25          **KILLING IS A RED HERRING ISSUE, AND NEED NOT BE**
26          **CONSIDERED TO GRANT THIS MOTION FOR SUMMARY**
27          **JUDGMENT**
28 ///

In his opposition to this Motion for Summary Judgment, Plaintiff once again takes the opportunity to establish that he never raped the Defendant, never killed her dog, and never inserted a gun into her genitalia. This issue is not at hand in this Motion for Summary Judgment, as the Defendant's Motion does not make a stance one way or the other as to whether Plaintiff actually performed the alleged defamatory acts, because the Defendant does not need to do so. Even though falsity of the alleged statements is a component of the cause of action for defamation, truth is often considered an affirmative defense. Conner v. Dart Transportation Service, 65 Cal. App. 3d 320, 324 (1976).

The crux of the Motion for Summary Judgment is that the Plaintiff has no admissible evidence supporting that the Defendant ever made the alleged defamatory statements, and further, Plaintiff is also unable to establish that he has suffered any harm to his reputation or other damages. The Defendant has not raised this particular affirmative defense of truth here, but is instead arguing that Plaintiff is unable to establish his cause of action for defamation for failure to establish the necessary elements.

In asserting that the Defendant does not claim that Plaintiff did, in fact, commit the alleged defamatory acts in its Motion for Summary Judgment, Plaintiff is doing what he has been doing since last year, and since the inception of this lawsuit: arguing with himself. He has convinced himself that his ex-wife is spreading rumors of things that took place twenty years ago based on hearsay, and continues to argue with himself that rumors that the Defendant has allegedly spread are lies.

As such, this Court need not consider the fact that the Defendant has not stated that the alleged defamatory statements are true statements. Whether or not the statements are true is irrelevant to this Motion, as Plaintiff has failed to establish that the statements have actually been made, and further has failed to establish that he has suffered any harm to his reputation. For these reasons, the Defendant's

Motion for Summary Judgment, or in the Alternative for Summary Adjudication, should be granted.

### D. PLAINTIFF'S VOLUNTARY SELF-PUBLICATION OF THE ALLEGED DEFAMATORY STATEMENTS WITH HIS FAMILY AND COLLEAGUES BEFORE HE KNEW THEY WOULD BE PUBLISHED, AND AFTERWARDS, WAS NOT COMPULSORY

Plaintiff has not provided any legal support for the fact that he was under a strong compulsion to disseminate the alleged defamatory remarks to people prior to their publication in the *People Magazine* article.

The examples that have been legally recognized as a compulsory, requiring a person to disclose alleged defamatory statements, include when an employer, in terminating his former employee, provides the reason of termination that defames the former employee; in this case, it is compulsory for the former employee to inform prospective employers of the reason that he was terminated, even if it is defamatory against the employee. *See* McKinney v. County of Santa Clara, 110 Cal. App. 3d 787, 797-798 (1980). Another instance is when defamatory information is put into a credit report, when it is known that the credit report would be disseminated by the plaintiff. *See* Schneider v. United Airlines, 208 Cal. App. 3d 71, 75 (1989). A final instance is when a young boy was coerced such that he was under extreme duress to republish a defamatory letter to his family, such that it was practically involuntary: "Necessity may be superinduced by a fear which is akin to duress. A threat may operate so powerfully upon the mind of an immature boy as to amount to coercion; and when an act is done through coercion it is not voluntary." Hedgepeth v. Coleman, 183 N.C. 309, 314 (N.C. 1922).

The case cited by Plaintiff, Live Oak Publ'g Co. v. Cohagan, 234 Cal. App. 3d 1277 (1991), is an example where compulsion to republish was not found. In that case, despite the fact that the defamer paid money to a newspaper, and

1  demanded that a defamatory advertisement be published in the newspaper, no
2  compulsion was found. The <u>Live Oak</u> court noted that the newspaper had no legal
3  obligation to publish the defamatory advertisement.
4      Here, Plaintiff began informing people what he believed would be put into
5  the *People Magazine* article before it was published, and before he even knew what,
6  if anything, would be published. As demonstrated in the People Magazine article,
7  not everything that Plaintiff believed would be published even was published.
8  Plaintiff went on a one-man campaign to begin mending fences that had yet to be
9  broken, and which in some cases, were never in any danger of being broken. His
10 actions were nothing more than voluntary, and as such, the Defendant cannot be
11 liable for any of the republication of the alleged defamatory statements by Plaintiff.

      E.    **PLAINTIFF HAS FAILED TO ESTABLISH ANY PROOF THAT HIS REPUTATION HAS BEEN HARMED IN LIGHT OF HIS OWN BIOGRAPHY GLAMORIZING HIS VIOLENT PAST**

15      Plaintiff contends that he is presently an upstanding citizen, free from his
16 criminal past, and has been a productive member of society for the past twenty-plus
17 years. The evidence that the Defendant, in her Motion, has brought to light involve
18 Plaintiff's actions that took place approximately twenty years ago, including his
19 drug- and alcohol-induced violence, his threatening of Defendant's employers with
20 guns, his threatening of a man by aiming a gun at his genitalia, his pervasive and
21 ongoing violent history with the Defendant, and his threats to kill not only
22 Defendant but his other wife, Beth Eschert. Similarly, the act that are allegedly
23 defamatory as to the Plaintiff involve violent actions that took place during the
24 same time frame, twenty years ago.
25      Plaintiff contends that he is free of his past criminal indiscretions. What
26 happened twenty years ago is long past, and he has been able to presently obtain
27 employment and a loving marriage despite his past history of criminal conduct and
28 violence toward women, as explicitly discussed in COP WITHOUT A BADGE. Thes

alleged new statements regarding Plaintiff's past, which purport to provide merely additional examples of Plaintiff's violence toward the Defendant, is essentially nothing new.

For Plaintiff to suddenly feel threatened by a depiction of his violent, criminal past simply because it is his ex-wife, instead of himself, that has allegedly spread the depictions, is disingenuous. Plaintiff's double-standard is that when he glamorizes his violent past, and makes a profit from it, then it does not harm his reputation; but when somebody else discusses essentially the same violent past, it is defamation. The alleged fact that Defendant has discussed Plaintiff's violent and criminal past, instead of Plaintiff himself, does not justify a cause of action for defamation.

The alleged defamatory statements regarding Plaintiff are not defamation *per se*. A man who glamorizes his violent and criminal past from twenty years ago, including violence against women, in order to profit from it, cannot suddenly have damages *per se* when another person allegedly brings up other similar instances of his violent and criminal past from twenty years ago, including violence against women. As such, Plaintiff's cause of action for defamation fails, and the Defendant's Motion for Summary Judgment should be granted in its entirety.

### III.   CONCLUSION

For the reasons stated herein, this Court should grant the Defendant's Motion for Summary Judgment, or in the alternative for Summary Adjudication.

Respectfully submitted,

DATED: September 13, 2010    **SCHUMANN, RALLO & ROSENBERG, LLP**

By:   /S/ Peter Cook
Kim Schumann, Esq.
Peter Cook, Esq.
Eric Arevalo, Esq.
Attorneys for Defendant,
DANIELLE STAUB

**DEFENDANT STAUB'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**