**Thomas E. Rockett, III, Esq., SBN 126248**
**LAW OFFICES OF THOMAS E. ROCKETT, III**
**10 Pointe Drive, Suite 150**
**Brea, California 92821**
**(714) 494-2470 -** *Telephone*
**(714) 494-2466 -** *Facsimile*

Attorney For Plaintiffs, KEVIN MAHER & MARIBEL MAHER

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN MAHER; MARIBEL MAHER, <br><br> Plaintiffs, <br><br> vs. <br><br> DANIELLE STAUB; and DOES 1 through 20, inclusive, <br><br> Defendants. | CASE NO.:   CV09-08646 CAS (Jcx) <br><br> *Hon. Christina A. Snyder* <br> *Courtroom 5 - Second Floor* <br><br> **PLAINTIFF'S NOTICE OF OPPOSITION AND OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. ONE (1) TO EXCLUDE ANY EVIDENCE, DOCUMENTS, AND/OR TESTIMONY REGARDING OR RELATED TO DEFENDANT DANIELLE STAUB'S PRIOR CRIMINAL HISTORY** <br><br> Pre-Trial Conference:   October 18, 2010 <br> Time:   11:00 a.m. <br> Courtroom:   5 <br><br> Date Action Filed:   October 8, 2009 <br> Discovery Cut-Off:   August 2, 2010 <br> Trial Date:   February 16, 2011 |

**TO THIS HONORABLE COURT AND TO THE DEFENDANT AND HER COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that October 8, 2010 at 11:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 5 of the above-entitled Court, Plaintiff will seek to oppose the present motion in limine on the grounds that Plaintiff will be denied the ability to place this case in its proper context, that opinion and/or reputation evidence concerning defendant's credibility and ability for truthfulness is relevant, and therefore admissible, for

1

purposes of rebutting the truthfulness of the defamatory statements, and that defendant seeks to abrogate Plaintiff's right to cross-examine the defendant in contravention to *Federal Rules of Civil Procedure* 607 and Plaintiff's right to impeach by contradiction.

This opposition will be further based upon this notice, the attached Memorandum of Points and Authorities, all pleadings and papers on file herein, as well as all oral and/or documentary evidence that may be presented at the hearing of the present motion.

DATED: September 24, 2010  LAW OFFICES OF THOMAS E. ROCKETT, III


By   s/ - Thomas E. Rockett, III
    THOMAS E. ROCKETT, III, ESQ.
    Attorney For Plaintiff,
    KEVIN MAHER

Law Offices of Thomas E. Rockett, III
10 Pointe Drive, Suite 150
Brea, California 92821
(714) 494-2470 - *Telephone*
(714) 494-2466 - *Facsimile*

2

Plaintiff's Opposition To Defendant's Motion In Limine No. 1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I

## INTRODUCTION

On October 8, 2009, Plaintiffs brought an action in the Superior Court in and for the County of Los Angeles against defendant sounding in defamation and intentional infliction of emotional distress. The cause of action for intentional infliction of emotional distress has been dismissed. The basis for the defamation cause of action stems from an interview defendant provided in the June 2009 edition of *People* magazine, a nationally circulated magazine, wherein she alleged to the writer of the article, Mark Dagostino, that Plaintiff, KEVIN MAHER, during their brief marriage in 1988, raped defendant on a bed of broken glass, inserted his handgun inside of defendant and played Russian Roulette, and killed defendant's dog by way of hanging. At the time of the publication, allegations concerning Mr. Maher of raping the defendant on broken glass and killing her dog made it to print.

The defamatory statements arose as a result of the fame the defendant garnered as a cast member of the reality hit T.V. show *The Real Housewives of New Jersey*. When confronted with a book on the show, *Cop Without A Badge*, co-authored by Mr. Maher, disclosing a past the defendant had essentially denied, the defendant, in an effort to preserve her credibility, sought to discredit the accounts in the book by discrediting Mr. Maher by way of the subject defamatory statements. Not only did she seek to spread such untruths through *People* magazine, but also told such untruths to the cast members of *The Real Housewives of New Jersey*.

## II

## LEGAL ARGUMENT

*Federal Rules of Evidence*, Rule 607 states that "[t]he credibility of a witness may be attacked by any party, including the party calling the witness."

Implicit within Rule 607 is the ability of any party, including the Plaintiff herein, to impeach the defendant by contradiction. See *United States v. Cruz-Rodriguez* (1st Cir. 2008) 541 F.3d 19, 29; *Dorn v. Burlington Northern Santa Fe R.R. Co.* (9th Cir. 2005) 397 F.3d 1183,

3

1193; *United States v. Greenidge* (3rd Cir. 2007) 495 F.3d 85, 99.

*Federal Rules of Evidence*, Rule 404 subsection (b) allows for the admission of other crimes, wrongs, or acts for "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident...."

## III

## THIS IN LIMINE MOTION SHOULD NOT BE OVER-INCLUSIVE SO AS TO PRECLUDE GIVING THE JURY THE PROPER CONTEXT IN WHICH DEFAMATORY STATEMENTS AROSE AND TO ALLOW FOR PROPER CROSS-EXAMINATION

If the court were to sustain this motion and allow for the exclusion of all mention of Plaintiff's criminal history, Plaintiff will lose the ability to place into its proper context the environment in which the defamatory statements arose. While on *The Real Housewives of New Jersey*, having been faced with lying about her past, and especially with regard to the nature and extent of her criminal past, as a result of the book co-authored by Mr. Maher, which had been out of print for the previous 10 years, defendant fabricated lies regarding Mr. Maher so as to discredit him and his book. Prior to the defamatory statements, Mr. Maher had not heard from the defendant for over 10 years, the book was out of print for 10 years, and he was living in relative obscurity and contentment. To disallow any mention of Plaintiff's criminal history would seriously prejudice Plaintiff's claim by stripping all context in which the defamatory statements arose.

In addition, allowing evidence and/or testimony regarding defendant's criminal history would be allow the Plaintiff to prove motive and/or intent on the part of the defendant to publish her defamatory statements.

Finally, as truth is an affirmative defense, the ability of the defendant to be truthful is central. Plaintiff's ability to cross examine the defendant regarding her criminal history must be preserved. Given the context in which the defamatory statements arose, Plaintiff anticipates that cross-examination concerning defendant's criminal history will become necessary so as to test defendant's credibility. Although Plaintiff's deposition has yet to be

taken and is currently scheduled in two weeks, it is anticipated that defendant will be less than forthright about her criminal history and thus calling into question her credibility.

Therefore, so as to preserve Plaintiff's right to fully present this case in its proper context and to fully cross-examine defendant, it is respectfully requested that this court overrule this motion in its entirety. In the alternative, this court can reserve judgment regarding the subject matter of this motion in limine and rule upon this motion at the time this issue arises during trial and to properly rule upon this motion with full appreciation of the context in which this issue may arise.

DATED: September 24, 2010                    LAW OFFICES OF THOMAS E. ROCKETT, III


By   s/ - Thomas E. Rockett, III
     THOMAS E. ROCKETT, III, ESQ.
     Attorney For Plaintiff,
     KEVIN MAHER

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the county aforesaid; I am over the age of 18 years and not a party to the within action; my business address is 10 Pointe Drive, Suite 150, Brea, California 92821.
On September 27, 2010, I served the documents listed below on the parties in this action as follows:

DOCUMENT(S) SERVED:  **PLAINTIFF'S NOTICE OF OPPOSITION AND OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. ONE (1)TO EXCLUDE ANY EVIDENCE, DOCUMENTS, AND/OR TESTIMONY REGARDING OR RELATED TO DEFENDANT DANIELLE STAUB'S PRIOR CRIMINAL HISTORY**

SERVED UPON:  See attached Service List

____ (BY MAIL) I placed such envelope on the above date, with postage fully prepaid, for deposit in the U.S. Postal Service at my place of business at Brea, California, following the ordinary business practices of my place of business. I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mail with the U.S. Postal Service. Under that practice, such correspondence is deposited with the U.S. Postal Service the same day it is collected and processed in the ordinary course of business.

____ (BY HAND DELIVERY) I delivered to an authorized courier or driver authorized by _____ to receive documents to be delivered on the same date.

____ (BY FEDERAL EXPRESS) I am readily familiar with the practice of the Law Offices of Thomas E. Rockett, III for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by Federal Express for overnight delivery.

  X   (BY ELECTRONIC MAIL) On the date indicated, I electronically filed this document through the CM/ECF System, which will send notice of the electronic filing of the aforementioned document to all counsel of record denoted on the Electronic Mail Notice List.

____ (BY FACSIMILE) I caused to be transmitted the document(s) described herein via the FAX number(s) listed on the attached service list.

____ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  X   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court, at whose direction this service was made.

Executed on September 27, 2010 at Brea, California.

                                           s/ - Leticia Rivas
                                           Leticia Rivas

Plaintiff's Opposition To Defendant's Motion In Limine No. 1

**Service List**

Kim Schumann, Esq.
Peter Cook, Esq.
Eric Arevalo, Esq.
SCHUMANN, RALLO & ROSENBERG, LLP
3100 Bristol Street, Suite 400
Costa Mesa, California 92626
(714) 850-0210 - *Telephone*
*(714) 850-0551 - Facsimile*

Attorneys for Defendant, DANIELLE STAUB

Law Offices of Thomas E. Rockett, III
10 Pointe Drive, Suite 150
Brea, California 92821
(714) 494-2470 - *Telephone*
*(714) 494-2466 - Facsimile*

7

Plaintiff's Opposition To Defendant's Motion In Limine No. 1