Kim Schumann, Esq., State Bar #170942
kschumann@srrlawfirm.com
Peter Cook, Esq. State Bar #232742
pcook@srrlawfirm.com
Eric Arevalo, Esq., State Bar #255725
earevalo@srrlawfirm.com
**SCHUMANN, RALLO & ROSENBERG, LLP**
3100 Bristol Street, Suite 400
Costa Mesa, CA 92626
Telephone (714) 850-0210
Facsimile  (714) 850-0551
Attorneys for Defendant,
DANIELLE STAUB

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

KEVIN MAHER; MARIBEL MAHER, )
                    Plaintiffs, )
        v. )
DANIELLE STAUB; and DOES 1 )
through 20, inclusive, )
                Defendants. )
_____ )

Case No. CV-09-8646-CAS (Jcx)
Hon. Christina A. Snyder

**DEFENDANT, DANIELLE STAUB'S MEMORANDUM OF CONTENTIONS OF FACTS AND LAW**

Final Pre-Trial
Conference:       October 18, 2010

Date Action Filed:   October 8, 2009
Trial Date:        February 15, 2010

Defendant, DANIELLE STAUB, submits the following Memorandum of Contentions of Fact and Law in compliance with **Local Rule 16.3** of the **Federal Rules of Court** for the Central District of California.

DATED:  September 27, 2010  **SCHUMANN, RALLO & ROSENBERG, LLP**

                    By:       /S/ PETER COOK
                             Kim Schumann, Esq.
                             Peter Cook, Esq.
                             Eric Arevalo, Esq.
                             Attorneys for Defendant,
                             DANIELLE STAUB

**DEFENDANT STAUB'S  MEMORANDUM OF CONTENTIONS OF FACTS AND LAW**

## MEMORANDUM OF CONTENTIONS OF FACTS AND LAW

**I.    PLAINTIFF'S CLAIMS**

    **A.    PLAINTIFF MAINTAINS SINGLE CLAIM OF DEFAMATION, FOR THREE ALLEGED DEFAMATORY STATEMENTS STATED TO MARK DAGOSTINO, AGAINST THE DEFENDANT**

        **1.    Plaintiff's Claim: Defamation**

Plaintiff, KEVIN MAHER's [hereinafter "Plaintiff" or "Mr. MAHER"] single claim arises from a claim of Defamation.

Initially, this matter had two (2) total claims against the Defendant, DANIELLE STAUB [hereinafter "Defendant" or "Ms. STAUB"], the second claim for Intentional Infliction of Emotional Distress. Under this Court's ruling on January 4, 2010, the cause of action for Intentional Infliction of Emotional Distress was dismissed in its entirety.

Additionally, this matter had two (2) plaintiffs, Mr. Maher, as well as Maribel Maher. Under this Court's ruling on January 4, 2010, Maribel Maher was also dismissed as a plaintiff in this matter. As such, the remaining plaintiff, Mr. Maher, maintains only one remaining cause of action for Defamation.

Plaintiff's specific allegations of Defamation, according to the Complaint and its verified discovery responses are that the Defendant allegedly made three defamatory to reporter Mark Dagostino of *People Magazine*, as follows:

    (1)    Mr. Maher "raped defendant on a bed of broken glass" [Complaint, ¶ 6(a)];

    (2)    Mr. Maher "inserted a handgun inside of defendant and played Russian Roulette" [Complaint, ¶ 6(b)]; and

(3)   Mr. Maher "killed defendant's dog by way of hanging" [Complaint, ¶ 6(c)].

**2.   Elements Required to Establish Plaintiff's Claim of Defamation**

In order to establish a cause of action for Defamation, Plaintiff must establish the following elements:

1)   That the Defendant made the statements to Mark Dagostino;

2)   That Mark Dagostino reasonably understood that the statements were about the Plaintiff;

3)   That Mark Dagostino reasonably understood the statements to mean that the Plaintiff had actually committed the acts as described in the statements;

4)   That the statements were false;

5)   Pursuant to clear and convincing evidence, that the Defendant knew the statements were false or had serious doubts about the truth of the statements;

6)   That Defendant's statements have caused Plaintiff harm to his reputation; and

7)   That Defendant's statements have caused Plaintiff actual damages to Plaintiff's property, business, trade, profession, or occupation.

California Civil Jury Instructions (CACI) 1700; Civil Code § 44-46; Smith v. Maldonado, 72 Cal.App.4th 637, 645 (1999); Kahn v. Bower, 232 Cal.App.3d 1599, 1608 (1991); Reader's Digest Assn. v. Superior Court, 37 Cal.3d 244, 252 (1984); Rudnick v. McMillan, 25 Cal.App.4th 1183, 1190 (1994); Masson v. New Yorker Magazine, 501 U.S. 496, 510 (1991); Restatement 2d Torts, §§ 557, 559, 563; 5 *Witkin*, Summary of California Law (9th ed. 1988) Torts, §§ 471-493, 534-542.

**DEFENDANT STAUB'S  MEMORANDUM OF CONTENTIONS OF FACTS AND LAW**

**B.    KEY EVIDENCE IN OPPOSITION TO PLAINTIFF'S CLAIM**

    1)    Plaintiff has no proof that the Defendant stated that Plaintiff "raped defendant on a bed of broken glass," "inserted a handgun inside of defendant and played Russian Roulette," and "killed defendant's dog by way of hanging" to reporter, Mark Dagostino.

    2)    The statements that were printed in the article, "Desperate Housewife," and the accompanying inset article, "He Said, She Said," written by Mark Dagostino, in the June 22, 2009 issue of *People Magazine* do not reflect the allegations and made by Plaintiff.

    3)    The statements that were printed in the article, "Desperate Housewife," and the accompanying inset article, "He Said, She Said," written by Mark Dagostino, in the June 22, 2009 does not state that the Defendant ever made any such statements.

    4)    Plaintiff's reputation, as outlined in the matter the book he authored entitled COP WITHOUT A BADGE, has not been harmed.

    5)    Plaintiff's own self-publication of the alleged defamatory statements to a multitude of people, including media sources, both before and after the publication of the *People Magazine* article, is the source of Plaintiff's damages, if any.

**II.    DEFENDANT, DANIELLE STAUB'S DEFENSES**

    **A.    First Affirmative Defense: Plaintiff Has Failed to State a Cause of Action - Plaintiff Has No Evidence that the Defendant Has Made the Alleged Defamatory Statements**

Under a claim for defamation, Plaintiff must prove that the Defendant made the alleged defamatory statements to reporter Mark Dagostino. Plaintiff has no such evidence.

**DEFENDANT STAUB'S  MEMORANDUM OF CONTENTIONS OF FACTS AND LAW**

Key Evidence:

1)   Plaintiff has no proof that the Defendant stated that Plaintiff "raped defendant on a bed of broken glass," "inserted a handgun inside of defendant and played Russian Roulette," and "killed defendant's dog by way of hanging" to reporter, Mark Dagostino.

2)   The statements that were printed in the article, "Desperate Housewife," and the accompanying inset article, "He Said, She Said," written by Mark Dagostino, in the June 22, 2009 issue of *People Magazine* do not reflect the allegations and made by Plaintiff.

3)   The statements that were printed in the article, "Desperate Housewife," and the accompanying inset article, "He Said, She Said," written by Mark Dagostino, in the June 22, 2009 does not state that the Defendant ever made any such statements.

4)   Plaintiff's own self-publication of the alleged defamatory statements to a multitude of people, including media sources, both before and after the publication of the *People Magazine* article, is the source of Plaintiff's damages, if any.

**B.   First Affirmative Defense: Plaintiff Has Failed to State a Cause of Action - Plaintiff Has No Evidence Mark Dagostino Understood the Statements to Reference Plaintiff**

Under a claim for defamation, Plaintiff must prove that Mark Dagostino understood the statements to reference Plaintiff. Plaintiff has no such evidence.

Key Evidence:

1)   Plaintiff has no proof that the Defendant stated that Plaintiff "raped defendant on a bed of broken glass," "inserted a handgun inside of defendant and played Russian Roulette," and "killed

-5-

1           defendant's dog by way of hanging" to reporter, Mark

2           Dagostino.

3       2)   The statements that were printed in the article, "Desperate

4           Housewife," and the accompanying inset article, "He Said, She

5           Said," written by Mark Dagostino, in the June 22, 2009 issue of

6           *People Magazine* do not reflect the allegations and made by

7           Plaintiff.

8       3)   The statements that were printed in the article, "Desperate

9           Housewife," and the accompanying inset article, "He Said, She

10          Said," written by Mark Dagostino, in the June 22, 2009 does not

11          state that the Defendant ever made any such statements.

12  **C.**   **First Affirmative Defense: Plaintiff Has Failed to State a Cause of**

13        **Action - Plaintiff Cannot Establish that He Has Been Harmed as to**

14        **His Reputation Due to the Statements**

15      Under a claim for defamation, Plaintiff must prove that he has been harmed

16  as to his reputation. Plaintiff has no such evidence, in consideration of his

17  reputation prior to the alleged statements' alleged publication.

18      Key Evidence:

19      1)   Plaintiff has no proof that the Defendant stated that Plaintiff

20          "raped defendant on a bed of broken glass," "inserted a handgun

21          inside of defendant and played Russian Roulette," and "killed

22          defendant's dog by way of hanging" to reporter, Mark

23          Dagostino.

24      2)   The statements that were printed in the article, "Desperate

25          Housewife," and the accompanying inset article, "He Said, She

26          Said," written by Mark Dagostino, in the June 22, 2009 issue of

27          *People Magazine* do not reflect the allegations and made by

28          Plaintiff.

**DEFENDANT STAUB'S  MEMORANDUM OF CONTENTIONS OF FACTS AND LAW**

1       3)      The statements that were printed in the article, "Desperate

2               Housewife," and the accompanying inset article, "He Said, She

3               Said," written by Mark Dagostino, in the June 22, 2009 does not

4               state that the Defendant ever made any such statements.

5       4)      Plaintiff's own self-publication of the alleged defamatory

6               statements to a multitude of people, including media sources,

7               both before and after the publication of the *People Magazine*

8               article, is the source of Plaintiff's damages, if any.

9       5)      Plaintiff's reputation, as outlined in the matter the book he

10              authored entitled COP WITHOUT A BADGE, has not been harmed.

11 **D.   Second Affirmative Defense: Plaintiff's Damages, if Any, Were**

12      **Caused by Third Persons**

13 Plaintiff must prove that the damages sustained by Plaintiff, if any, were

14 caused by the Defendant; however, in this case, evidence supports that it was the

15 acts of third persons who were not agents, servants, or employees of the Defendant,

16 and who were not acting on behalf of the Defendant, that have caused Plaintiff's

17 damages.

18 Key Evidence:

19      1)      Plaintiff has no proof that the Defendant stated that Plaintiff

20              "raped defendant on a bed of broken glass," "inserted a handgun

21              inside of defendant and played Russian Roulette," and "killed

22              defendant's dog by way of hanging" to reporter, Mark

23              Dagostino.

24      2)      The statements that were printed in the article, "Desperate

25              Housewife," and the accompanying inset article, "He Said, She

26              Said," written by Mark Dagostino, in the June 22, 2009 issue of

27              *People Magazine* do not reflect the allegations and made by

28              Plaintiff.

**DEFENDANT STAUB'S  MEMORANDUM OF CONTENTIONS OF FACTS AND LAW**

3)     The statements that were printed in the article, "Desperate Housewife," and the accompanying inset article, "He Said, She Said," written by Mark Dagostino, in the June 22, 2009 does not state that the Defendant ever made any such statements.

4)     Plaintiff's own self-publication of the alleged defamatory statements to a multitude of people, including media sources, both before and after the publication of the *People Magazine* article, is the source of Plaintiff's damages, if any.

5)     Plaintiff's reputation, as outlined in the matter the book he authored entitled COP WITHOUT A BADGE, has not been harmed.

**E.**    **Third and Fourth, Affirmative Defenses: Plaintiff's Damages, if Any, Were Caused By Plaintiff**

Plaintiff must prove that the damages sustained by Plaintiff, if any, were caused by the Defendant; however, in this case, evidence supports that it was the acts of Plaintiff himself that has caused Plaintiff's damages.

Key Evidence:

1)     Plaintiff has no proof that the Defendant stated that Plaintiff "raped defendant on a bed of broken glass," "inserted a handgun inside of defendant and played Russian Roulette," and "killed defendant's dog by way of hanging" to reporter, Mark Dagostino.

2)     The statements that were printed in the article, "Desperate Housewife," and the accompanying inset article, "He Said, She Said," written by Mark Dagostino, in the June 22, 2009 issue of *People Magazine* do not reflect the allegations and made by Plaintiff.

3)     The statements that were printed in the article, "Desperate Housewife," and the accompanying inset article, "He Said, She

-8-

**DEFENDANT STAUB'S  MEMORANDUM OF CONTENTIONS OF FACTS AND LAW**

1   Said," written by Mark Dagostino, in the June 22, 2009 does not

2   state that the Defendant ever made any such statements.

3   4)   Plaintiff's own self-publication of the alleged defamatory

4   statements to a multitude of people, including media sources,

5   both before and after the publication of the *People Magazine*

6   article, is the source of Plaintiff's damages, if any.

7   5)   Plaintiff's reputation, as outlined in the matter the book he

8   authored entitled COP WITHOUT A BADGE, has not been harmed.

9   **F.   Third and Fourth, Affirmative Defenses: Plaintiff's Damages, if**

10   **Any, Were Caused By Plaintiff Under Plaintiff's Own Consent**

11   Plaintiff must prove that the damages sustained by Plaintiff, if any, were

12   caused by the Defendant; however, in this case, evidence supports that it was the

13   acts of Plaintiff himself that has caused Plaintiff's damages through his own actions

14   establishing consent to the statements' alleged publication.

15   Key Evidence:

16   1)   Plaintiff has no proof that the Defendant stated that Plaintiff

17   "raped defendant on a bed of broken glass," "inserted a handgun

18   inside of defendant and played Russian Roulette," and "killed

19   defendant's dog by way of hanging" to reporter, Mark

20   Dagostino.

21   2)   The statements that were printed in the article, "Desperate

22   Housewife," and the accompanying inset article, "He Said, She

23   Said," written by Mark Dagostino, in the June 22, 2009 issue of

24   *People Magazine* do not reflect the allegations and made by

25   Plaintiff.

26   3)   The statements that were printed in the article, "Desperate

27   Housewife," and the accompanying inset article, "He Said, She

28

**DEFENDANT STAUB'S  MEMORANDUM OF CONTENTIONS OF FACTS AND LAW**

1   Said," written by Mark Dagostino, in the June 22, 2009 does not

2   state that the Defendant ever made any such statements.

3       4)   Plaintiff's own self-publication of the alleged defamatory

4            statements to a multitude of people, including media sources,

5            both before and after the publication of the *People Magazine*

6            article, is the source of Plaintiff's damages, if any.

7       5)   Plaintiff's reputation, as outlined in the matter the book he

8            authored entitled COP WITHOUT A BADGE, has not been harmed.

9   **G.   Sixth Affirmative Defense: Plaintiff's Damages, if Any, Were**

10         **Caused By Plaintiff in Plaintiff's Failure to Mitigate His Damages**

11      Plaintiff has a duty to mitigate any damages that he claims he has suffered,

12  but the evidence tends to establish that Plaintiff has forgone any and all chances to

13  mitigate any of his alleged damages, if any such damages have been suffered by

14  Plaintiff.

15      Key Evidence:

16      1)   Plaintiff has no proof that the Defendant stated that Plaintiff

17           "raped defendant on a bed of broken glass," "inserted a handgun

18           inside of defendant and played Russian Roulette," and "killed

19           defendant's dog by way of hanging" to reporter, Mark

20           Dagostino.

21      2)   The statements that were printed in the article, "Desperate

22           Housewife," and the accompanying inset article, "He Said, She

23           Said," written by Mark Dagostino, in the June 22, 2009 issue of

24           *People Magazine* do not reflect the allegations and made by

25           Plaintiff.

26      3)   The statements that were printed in the article, "Desperate

27           Housewife," and the accompanying inset article, "He Said, She

28

**DEFENDANT STAUB'S  MEMORANDUM OF CONTENTIONS OF FACTS AND LAW**

Said," written by Mark Dagostino, in the June 22, 2009 does not state that the Defendant ever made any such statements.

4) Plaintiff's own self-publication of the alleged defamatory statements to a multitude of people, including media sources, both before and after the publication of the *People Magazine* article, is the source of Plaintiff's damages, if any.

5) Plaintiff's reputation, as outlined in the matter the book he authored entitled Cop Without a Badge, has not been harmed.

## H.  Ninth Affirmative Defense: The Defendant Acted with All Due Care at All Times During the Events and Circumstances from Which Plaintiff's Claims Allegedly Arise

Plaintiff must establish that the Defendant was acting unreasonably at the time the alleged statements were made, if such statements were made.

Key Evidence:

1) Plaintiff has no proof that the Defendant stated that Plaintiff "raped defendant on a bed of broken glass," "inserted a handgun inside of defendant and played Russian Roulette," and "killed defendant's dog by way of hanging" to reporter, Mark Dagostino.

2) The statements that were printed in the article, "Desperate Housewife," and the accompanying inset article, "He Said, She Said," written by Mark Dagostino, in the June 22, 2009 issue of *People Magazine* do not reflect the allegations and made by Plaintiff.

3) The statements that were printed in the article, "Desperate Housewife," and the accompanying inset article, "He Said, She Said," written by Mark Dagostino, in the June 22, 2009 does not state that the Defendant ever made any such statements.

**DEFENDANT STAUB'S  MEMORANDUM OF CONTENTIONS OF FACTS AND LAW**

4)      Plaintiff's own self-publication of the alleged defamatory
statements to a multitude of people, including media sources,
both before and after the publication of the *People Magazine*
article, is the source of Plaintiff's damages, if any.

5)      Plaintiff's reputation, as outlined in the matter the book he
authored entitled Cop Without a Badge, has not been harmed.

I.      **Tenth Affirmative Defense: The Statements, If Made, Are True**
**Statements, or Reasonably Understood by Defendant to Be True**

Plaintiff must establish that the statement, if they were made by the
Defendant, are actually false statements.

Key Evidence:

1)      Plaintiff has no proof that the Defendant stated that Plaintiff
"raped defendant on a bed of broken glass," "inserted a handgun
inside of defendant and played Russian Roulette," and "killed
defendant's dog by way of hanging" to reporter, Mark
Dagostino.

2)      The statements that were printed in the article, "Desperate
Housewife," and the accompanying inset article, "He Said, She
Said," written by Mark Dagostino, in the June 22, 2009 issue of
*People Magazine* do not reflect the allegations and made by
Plaintiff.

3)      The statements that were printed in the article, "Desperate
Housewife," and the accompanying inset article, "He Said, She
Said," written by Mark Dagostino, in the June 22, 2009 does not
state that the Defendant ever made any such statements.

4)      Plaintiff's own self-publication of the alleged defamatory
statements to a multitude of people, including media sources,

**DEFENDANT STAUB'S  MEMORANDUM OF CONTENTIONS OF FACTS AND LAW**

both before and after the publication of the *People Magazine* article, is the source of Plaintiff's damages, if any.

5) Plaintiff's reputation, as outlined in the matter the book he authored entitled COP WITHOUT A BADGE, has not been harmed.

## J. Eleventh Affirmative Defense: The Statements, If Made, Are Fair Statements Not Made With Malice

Plaintiff must prove that the statement was made with malice, but there is no evidence to support that the statements, if made, are anything other than fair statements made without malice.

Key Evidence:

1) Plaintiff has no proof that the Defendant stated that Plaintiff "raped defendant on a bed of broken glass," "inserted a handgun inside of defendant and played Russian Roulette," and "killed defendant's dog by way of hanging" to reporter, Mark Dagostino.

2) The statements that were printed in the article, "Desperate Housewife," and the accompanying inset article, "He Said, She Said," written by Mark Dagostino, in the June 22, 2009 issue of *People Magazine* do not reflect the allegations and made by Plaintiff.

3) The statements that were printed in the article, "Desperate Housewife," and the accompanying inset article, "He Said, She Said," written by Mark Dagostino, in the June 22, 2009 does not state that the Defendant ever made any such statements.

4) Plaintiff's own self-publication of the alleged defamatory statements to a multitude of people, including media sources, both before and after the publication of the *People Magazine* article, is the source of Plaintiff's damages, if any.

-13-

**DEFENDANT STAUB'S  MEMORANDUM OF CONTENTIONS OF FACTS AND LAW**

5)     Plaintiff's reputation, as outlined in the matter the book he
authored entitled COP WITHOUT A BADGE, has not been harmed.

**K.     Twelfth Affirmative Defense: If Plaintiff Has Been Damaged By**
**Statements Made by Defendant, Such Damages Must Be**
**Apportioned According to Percentages of Fault**

Plaintiff must prove that the damages sustained by Plaintiff, if any, were
caused by the Defendant; however, in this case, evidence supports that it was the
acts of Plaintiff himself, as well as third parties unrelated to this matter, that have
contributed to Plaintiff's damages.

Key Evidence:

1)     Plaintiff has no proof that the Defendant stated that Plaintiff
"raped defendant on a bed of broken glass," "inserted a handgun
inside of defendant and played Russian Roulette," and "killed
defendant's dog by way of hanging" to reporter, Mark
Dagostino.

2)     The statements that were printed in the article, "Desperate
Housewife," and the accompanying inset article, "He Said, She
Said," written by Mark Dagostino, in the June 22, 2009 issue of
*People Magazine* do not reflect the allegations and made by
Plaintiff.

3)     The statements that were printed in the article, "Desperate
Housewife," and the accompanying inset article, "He Said, She
Said," written by Mark Dagostino, in the June 22, 2009 does not
state that the Defendant ever made any such statements.

4)     Plaintiff's own self-publication of the alleged defamatory
statements to a multitude of people, including media sources,
both before and after the publication of the *People Magazine*
article, is the source of Plaintiff's damages, if any.

-14-

**DEFENDANT STAUB'S  MEMORANDUM OF CONTENTIONS OF FACTS AND LAW**

**III.**   <u>**ANTICIPATED EVIDENTIARY ISSUES**</u>

The following evidentiary problems will be addressed by Motions in Limine:

1.   Plaintiff may not introduce any evidence of the Defendant's past criminal record. (Defendant's Motion In Limine No. 1)

2.   Plaintiff may not introduce the deposition testimony of Caroline Manzo. (Defendant's Motion In Limine No. 2)

3.   Plaintiff may not introduce any evidence regarding or related to Plaintiff's taking of any polygraph examinations. (Defendant's Motion In Limine No. 3)

4.   Plaintiff may not introduce any evidence regarding or related to the Defendant's sexual history. (Defendant's Motion In Limine No. 4.)

5.   Plaintiff may not introduce any testimony from Daniel Aguilar. (Defendant's Motion In Limine No. 5)

In addition to the evidentiary problems to be addressed by Motions in Limine, the Defendant anticipates additional evidentiary issues, including, but not limited to, the following:

6.   Plaintiff has failed to identify the specific portions of deposition testimony of Caroline Manzo he intends on using at trial, so must be limited in his use thereof;

7.   Plaintiff has failed to identify the specific portions of deposition testimony of Daniel Aguilar he intends on using at trial, so must be limited in his use thereof;

8.   Plaintiff has indicated that it intends on introducing the book COP WITHOUT A BADGE at trial, which contains improper evidence, but has failed to identify what portions he intends on using at trial, so introduction of the book must be limited;

9.   Plaintiff has indicated that it intends on introducing the book THE NAKED TRUTH at trial, which contains improper evidence, but has

-15-

1  failed to identify what portions he intends on using at trial, so

2  introduction of the book must be limited;

3  10.   Plaintiff has indicated that it intends on using portions of the television

4  program "Real Housewives of New Jersey" at trial, which contains

5  improper evidence, but has failed to identify what portions he intends

6  on using at trial, so introduction of the television must be limited.

7  **IV.   BIFURCATION OF DAMAGES FROM LIABILITY**

8  In the interest of judicial economy and in order to prevent the jury from

9  considering damages while it is considering questions of liability, the Defendant

10  requests the bifurcation of the liability and damages phases of this matter at trial.

11  **V.   JURY TRIAL**

12  Timely demand for jury trial has been made by both Plaintiff and Defendant.

13  **VI.   ATTORNEYS' FEES**

14  The parties may not obtain statutory attorneys' fees in this matter.

15  **VII.   ABANDONMENT OF ISSUES**

16  Defendant has not abandoned any claims, defenses or other issues raised

17  during this litigation.

18

19  DATED:  September 27, 2010  **SCHUMANN, RALLO & ROSENBERG, LLP**

20

21  By:    /S/ PETER COOK

22  Kim Schumann, Esq.
Peter Cook, Esq.

23  Eric Arevalo, Esq.
Attorneys for Defendant,
DANIELLE STAUB

24

25

26

27

28

-16-

**DEFENDANT STAUB'S  MEMORANDUM OF CONTENTIONS OF FACTS AND LAW**